# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2013

Lyle W. Cayce
Clerk

No. 12-60635
Summary Calendar

ANTONIO MIGUEL CHANCOY-TONOC, also known as Anthony Chancoy,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 938 753

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Antonio Miguel Chancoy-Tonoc, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order that he was removable and denying his request for cancellation of removal. He claims that his prior offense, under Texas Penal Code § 22.01, assault of a family member, is not a crime involving moral turpitude, rendering him ineligible for cancellation of removal. He suggests that his assault conviction was for reckless

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rather than intentional conduct. He argues that his assault offense did not involve moral turpitude because § 22.01(a) requires only bodily injury rather than serious bodily injury as an element of the crime.

We apply a two-part standard of review to the BIA's conclusion that Chancoy-Tonoc committed a crime involving moral turpitude. *See Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006). First, we accord substantial deference to the BIA's interpretation of the Immigration and Nationality Act and its definition of the phrase "moral turpitude." *Id.* Second, we review de novo whether the elements of a state or federal crime fit the BIA's definition of a crime involving moral turpitude. *Id.* The BIA's determination of what constitutes moral turpitude must be upheld if it is reasonable. *Hamdan v. INS*, 98 F.3d 183, 185 (5th Cir. 1996).

Since § 22.01 has multiple subsections and is phrased in the disjunctive, such that some violations of the statute would involve moral turpitude and others not, this court has found that § 22.01 is not categorically a crime involving moral turpitude. *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 825 (5th Cir. 2012). Using the modified categorical approach, we must review the record of conviction to determine whether Chancoy-Tonoc's offense falls into a subsection that is a crime involving moral turpitude. *See Amouzadeh*, 467 F.3d at 455. Under Texas law, a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). The record of conviction reveals that Chancoy-Tonoc was convicted under § 22.01(a)(1). The charging instrument tracks the language of that subsection, stating that Chancoy-Tonoc "intentionally and knowingly cause[d] bodily injury to" the victim, "a member of the Defendant's family . . . by GRABBING [HER] WITH HIS HAND . . . by BITING [HER] . . . [and] by PULLING [HER] WITH HIS HAND." As the record shows that Chancoy-Tonoc was convicted of intentionally inflicting bodily injury on a member of his family, the BIA's conclusion that his

assault offense was a crime involving moral turpitude was reasonable. *See Esparza-Rodriguez*, 699 F.3d at 826.

PETITION FOR REVIEW DENIED.