# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60808

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2016

Lyle W. Cayce
Clerk

HERMENEGILDO GOMEZ-PEREZ,

      Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

      Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 958 511

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge.

Petitioner Gomez-Perez is a Guatemalan citizen, who entered the United States illegally in 1995 and has lived here since. He and his wife live together in Texas with their three children, all of whom are U.S. citizens. After law enforcement discovered Gomez's lack of lawful status during a traffic stop, he was placed in removal proceedings. Gomez conceded that he was removable, but sought cancellation as a nonpermanent resident under 8 U.S.C. § 1229b(b)(1). Although his longevity in the United States and family ties meet some of the eligibility requirements for a person to be considered for the discretionary act of cancellation of removal, the immigration judge concluded

No. 14-60808

that Gomez did not meet another requirement because of a prior Texas misdemeanor assault conviction. We must decide whether that conviction qualifies as a "crime involving moral turpitude" that makes Gomez ineligible for cancellation. The answer to that question comes from a recent Supreme Court decision clarifying that we only consider the elements that would have to be found by a jury—not mere alternative factual means by which a crime could be committed—in determining whether a prior conviction meets a federal statute's classification of prior offenses, *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *6 (U.S. June 23, 2016).

\* \* \*

In 1999, Gomez was charged with misdemeanor assault under section 22.01(a)(1) of the Texas Penal Code, which states that "[a] person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another [person]." TEX. PENAL CODE § 22.01(a)(1). The charging instrument accused Gomez of assaulting his then-roommate, stating that Gomez "did . . . intentionally, knowingly, and recklessly cause bodily injury to [the roommate] by hitting [the roommate] on and about the head with the Defendant's hand." Gomez was convicted after a bench trial.

Gomez was placed in removal proceedings several years later after a 2011 traffic stop. The immigration judge rejected Gomez's application for cancellation of removal because he found that his conviction under section 22.01(a)(1) constituted a turpitudinous crime. *See* 8 U.S.C. § 1229b(b)(1)(C) (excluding immigrants with prior convictions involving moral turpitude from seeking cancellation of removal from the country). The Board of Immigration Appeals affirmed.

Both sides agree that the Texas assault statute viewed as a whole does not qualify as a crime involving moral turpitude because it applies to acts that are not intentional. *See Esparza-Rodriguez v. Holder*, 699 F.3d 821, 824–25

No. 14-60808

(5th Cir. 2012) (citing *In Re Solon*, 24 I. & N. Dec. 239, 241–42 (BIA 2007)) (recognizing that the Board requires an intentional act for a conviction to ordinarily qualify as a crime of moral turpitude, and holding that the Texas assault statute is not so limited).

But both the immigration judge and Board of Immigration Appeals concluded that section 22.01(a)(1) is a "divisible" statute. A divisible statute allows the application of what is known as the "modified categorical approach" to determine if the offense involved the intentional conduct that would qualify as a crime of moral turpitude. Under the modified categorical approach, a court may look to certain documents, including the indictment and the judgment, to narrow an offense that otherwise would not be a categorical match with an enumerated offense. *Mathis*, 2016 WL 3434400, at \*4, \*8 n.3; *Taylor v. United States*, 495 U.S. 575, 598–602, (1990); *see also Shepard v. United States*, 544 U.S. 13, 16 (2005) (listing approved documents). Although the indictment and judgment in this case do not tell us whether Gomez's assault conviction involved intentional, knowing, or reckless conduct, the Board concluded that once it is established that the offense of a prior conviction is divisible, then the person seeking cancellation has the burden to establish that his offense involved the lesser conduct that would not meet the disqualifying classification. *See Matter of Almanza-Arenas*, 24 I. & N. Dec. 771, 776 (BIA 2009) (holding that an inconclusive record was insufficient to carry the immigrant's burden of proving the absence of a disqualifying conviction). *But see Sauceda v. Lynch*, 819 F.3d 526, 532 & n.10 (1st Cir. 2016) (collecting cases showing circuit split on this issue and holding that irrespective of any "factual uncertainty" when the "modified categorical approach . . . cannot identify the prong of the divisible [] statute under which

3

[the immigrant] was convicted, . . . as a matter of law, [the immigrant] [h]as not [been] convicted of a [disqualifying offense]").[1]

Gomez appeals on two grounds. First, he contends that the Texas statute is not divisible. That would mean that the categorical approach applies under which the Texas assault statute would not be disqualifying because it is not limited to intentional conduct. Second, he argues that even if the assault statute is divisible, he does not bear the burden of narrowing his offense. That would mean that inconclusive court records, such as those for his assault conviction, require reverting to the categorical approach under which the offense would not qualify.

Under *Mathis*, Gomez is correct about his first contention, so we need not reach the burden of proof question. *Mathis* resolved a circuit split about when the modified categorical approach can be applied to try to narrow a statute when a court is considering whether that statute qualifies as a certain type of offense under federal criminal and immigration laws. 2016 WL 3434400, at *6. More background about the categorical approach is helpful before explaining *Mathis*.

When a state statute sets out a single or indivisible set of elements to define a single crime,[2] courts apply the categorical approach. *Id.* at *4. Under this approach, courts line up the elements of the prior offense with the elements of the generic offense described in the federal statute to see if they match. *Id.* If they do, then the individual is considered to have been convicted of the generic offense, and certain consequences of federal law attach—here, that consequence is ineligibility for cancellation of removal. *Id.* But if the

---

[1]Our circuit has not yet decided this issue. *But see Garcia v. Holder*, 756 F.3d 839, 847–48 (5th Cir. 2014) (Garza, J., specially concurring) (arguing that the petitioner should bear the burden of proving his crime was not for a qualifying offense).

[2] An example is a statute that criminalizes "entering a [premises] . . . with the intent to steal." *Mathis*, 2016 WL 3434400, at *4.

elements of the prior offense cover conduct beyond what the generic offense covers, then it is not a qualifying offense. *Id.* at *6. Under this approach, a prior offense qualifies as a crime of moral turpitude if "the minimum reading of the statute necessarily reaches *only* offenses involving moral turpitude." *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006) (emphasis added). And, as mentioned, the BIA requires intentional conduct for an assault to constitute such a crime.

But when a statute has a divisible structure,[3] courts may apply the modified categorical approach that permits courts to use formal court documents to narrow the offense of conviction. *Mathis*, 2016 WL 3434400, at *4. Our sister circuits were divided as to whether the modified categorical approach applies only when a statute sets out alternative elements or also can be used to narrow alternative means a statute sets forth. *See id.* at *4, *6. The practical difference being that a jury has to agree on one of multiple elements that a statute lists, whereas the jury need not agree on the same alternative means so long as all jurors conclude that the defendant engaged in one of the possible means of committing a crime.

*Mathis* held that only the elements matter. *Id.* at *10. So when a statute merely sets out multiple means for committing a crime, some of which match the generic offense and others that do not, the ordinary categorical approach applies and there is no match to the generic offense. *Id. Mathis* restricted the modified categorical approach to an elements-only inquiry for a few reasons. One is that a federal statute's focus on "convictions" indicates a concern with "whether 'the defendant ha[s] been convicted of crimes falling within certain categories,' and not about what the defendant ha[s] actually done." *Id.* at *7

---

[3] Consider a twist on the previous example: a statute that criminalizes "'the lawful entry or the unlawful entry' of a premises with the intent to steal, so as to create two different offenses, one more serious than the other." *Id.*

No. 14-60808

(quoting *Taylor*, 495 U.S. at 600); *see also* 8 U.S.C. § 1229b(b)(1)(C) (requiring that the defendant "has not been *convicted* of" an offense involving moral turpitude (emphasis added)). Another is the unfairness that would result from using "[s]tatements of 'non-elemental facts'" against a defendant in a future proceeding when the defendant had no incentive (and sometimes no opportunity) to contest them at the time of conviction.[4] *Id.* at *8. The "threshold inquiry—elements or means?" thus determines whether the modified categorical approach applies. *Id.* at *10.

*Mathis* recognized that it will sometimes be difficult to determine whether a state statute sets out alternative means or elements. *Id.* at *10–11. That is not the case here. Texas law has definitively answered the "means or elements" question: the three culpable mental states in section 22.01(a)(1) are "conceptually equivalent" means of satisfying the intent element, so jury unanimity as to a particular one is not required. *Landrian v. State*, 268 S.W.3d 532, 537 (Tex. Crim. App. 2008). Indeed, *Mathis* recognized this feature of the Texas assault statute in identifying the Board's decision in Gomez's case as one that turned on the means versus elements distinction. *Mathis*, 2016 WL 3434400, at *8 n.3 (discussing this very case and recognizing that simple reckless assault does not qualify as a crime involving moral turpitude).

With *Mathis* holding that a statute like Texas's assault offense that merely offers alternative means of committing an offense does not allow application of the modified categorical approach, we are back to the general

---

[4] The final justification cited by *Mathis*—Sixth Amendment "trial by jury" concerns with enhancing a sentence based on facts from a prior conviction that were not required to be proven to a jury—does not apply directly in the immigration context. *Id.* at *7. But *Mathis* made clear that its clarification of the categorical approach also applies in the immigration context. *Id.* at *8 n.3. As discussed below, it cited the Board's decision in this very case. *Id.* And the methodology behind the categorical approach has never differed depending on whether it was being applied in the criminal or immigration context. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 185–87 (2007) (applying the same methodology interchangeably).

categorical inquiry about which the parties, the immigration judge, and the Board agree. Texas's assault statute can be committed by mere reckless conduct and thus does not qualify as a crime involving moral turpitude, which requires a more culpable mental state.[5]

**\* \* \***

We thus VACATE the judgment of the Board and REMAND for reconsideration of whether Gomez meets the other requirements to be considered for cancellation of removal, and if so, whether he is entitled to that relief as an exercise of the immigration court's discretion.

---

[5] *Mathis* overrules some of our prior cases to the extent they found the Texas assault statute to be divisible and subject to the modified categorical approach. *See, e.g., Esparza-Rodriguez*, 699 F.3d at 825–26; *Chancoy-Tonoc v. Holder*, 519 F. App'x 326, 327 (5th Cir. 2013).

7