# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-60903
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2017

Lyle W. Cayce
Clerk

IRFAN AHMED,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 993 358

————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Irfan Ahmed, a native and citizen of Pakistan, petitions for review of a decision of the Board of Immigration Appeals (BIA), which upheld an order of an Immigration Judge (IJ) denying his application for adjustment of status and ordering him removed from the United States. The IJ found that Ahmed was deportable and that he could not adjust his status because his prior assault convictions under Texas Penal Code § 22.01(a)(1) were for crimes involving

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moral turpitude that made him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Because § 22.01(a)(1) proscribes some forms of assault that are not morally turpitudinous, the denial of Ahmed's adjustment application rested on the modified categorical approach, which the IJ and BIA used to narrow his prior convictions by reference to state court documents in accordance with *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 824-26 (5th Cir. 2012).

In *Gomez-Perez v. Lynch*, 829 F.3d 323, 328 n.5 (5th Cir. 2016), we recently held that to the extent *Esparza-Rodriguez* treated § 22.01(a)(1) as divisible and thus amenable to modified categorical analysis, it has been overruled by *Mathis v. United States*, 136 S. Ct. 2243 (2016). The parties now agree that remand is warranted. Accordingly, we GRANT the petition for review, VACATE the decision of the BIA, and REMAND the case for further consideration of Ahmed's application for adjustment of status.