# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10366

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ROBERTO VILLASENOR-ORTIZ,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-107-1

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

      Defendant Roberto Villasenor-Ortiz appeals the thirty-nine-month sentence he received for illegal reentry after previous removal. He maintains that the district court plainly erred in assessing a sixteen-level enhancement

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10366

under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A).[1] Finding no error, we AFFIRM.[2]

## I.

Defendant Roberto Villasenor-Ortiz pleaded guilty to illegal reentry after previous removal in violation of 8 U.S.C. § 1326(a) and (b)(2). The presentence report ("PSR") prepared by the probation office calculated a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on Villasenor-Ortiz's previous conviction in Texas for aggravated assault.[3] The PSR assessed a total base offense level of twenty-one and a criminal history category of IV, resulting in a Guidelines range of fifty-seven to seventy-one months. At the sentencing hearing, Villasenor-Ortiz requested a below-Guidelines sentence, stating that under then-proposed amendments to the Guidelines, the appropriate range would be only thirty to thirty-seven months.

After considering the Guidelines, the applicable sentencing factors, and the proposed changes to the Guidelines, the district court sentenced Villasenor-

---

[1] The 2015 edition of the Guidelines was in effect at the time of sentencing.

[2] Villasenor-Ortiz's second argument—that his sentence exceeded the statutory maximum provided in 8 U.S.C. § 1326(a)—is foreclosed under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Guillen-Alvarez*, 489 F.3d 197, 201 (5th Cir. 2007).

[3] On June 16, 2003, an indictment was filed charging Villasenor-Ortiz with committing aggravated assault with a deadly weapon on or about March 27, 2003. The indictment charged Villasenor-Ortiz with:

> intentionally, knowingly[,] and recklessly caus[ing] bodily injury to [complainant] . . . by cutting complainant with a broken glass bottle, and us[ing] and exhibit[ing] a deadly weapon to wit: a broken glass bottle, during the commission of the assault,
>
> and further . . . intentionally, knowingly[,] and recklessly caus[ing] serious bodily injury to [complainant] . . . by cutting complainant with a broken glass bottle, a deadly weapon.

Villasenor-Ortiz pleaded guilty on December 19, 2003, and received ten years deferred adjudication probation. His probation was later revoked, and Villasenor-Ortiz was sentenced to two years of imprisonment.

No. 16-10366

Ortiz to a below-Guidelines sentence of thirty-nine months of imprisonment and no period of supervised release.[4]

## II.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We review the district court's application of the Guidelines de novo. *United States v. Mungia-Portillo*, 484 F.3d 813, 815 (5th Cir. 2007). Because neither party objected to the classification of Villasenor-Ortiz's previous conviction as a crime of violence, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Plain error review involves four prongs:

> (1) "there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error— discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alterations in original) (emphasis omitted) (quoting *Puckett*, 556 U.S. at 135).

## III.

## A.

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a defendant that is convicted of illegal reentry receives a sixteen-level enhancement to his base offense level if he was previously deported after being convicted of a felony that is a crime of

---

[4] The sentence pronounced at the sentencing hearing was forty months, but with a month credit for time that Villasenor-Ortiz spent in immigration custody.

violence. The commentary to this section provides that "crime of violence" includes aggravated assault. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

In determining whether a defendant's conviction qualifies as a particular enumerated offense, we apply the categorical approach under which the "focus [is] solely on whether the elements of the crime of conviction sufficiently match the elements of [the enumerated offense], while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (citation omitted). Where a statute has a divisible structure, the comparison of elements is more difficult. *Id.* at 2249. "To address that need, [the Supreme Court] approved the 'modified categorical approach' for use with statutes having multiple alternative elements," under which "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (citation omitted). The court then compares that crime with the relevant generic offense. *Id.*

"Because the guidelines do not define the enumerated crimes of violence, [we] adopt[] a 'common sense approach,' defining each crime by its 'generic, contemporary meaning.'" *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006) (quoting *United States v. Izaguirre-Flores*, 405 F.3d 270, 275 & n.16 (5th Cir. 2005) and *United States v. Dominguez-Ochoa*, 386 F.3d 639, 642–43 (5th Cir. 2004)). We have previously conducted this analysis for the purposes of generic aggravated assault and determined that the two most common aggravating factors are "the causation of serious bodily injury and the use of a deadly weapon." *See Mungia-Portillo*, 484 F.3d at 817 (citing *United States v. Fierro-Reyna*, 466 F.3d 324, 328 (5th Cir. 2006)). Furthermore, we have noted "that a defendant's mental state in committing an aggravated assault, whether exhibiting 'depraved heart' recklessness or 'mere' recklessness, is not dispositive of whether the aggravated assault falls within

or outside the plain, ordinary meaning of the enumerated offense of aggravated assault." *Id.* Applying this framework, we have determined that the version of the Texas aggravated assault statute under which Villasenor-Ortiz was convicted qualifies as the enumerated offense of aggravated assault, and thus was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[5] *United States v. Guillen-Alvarez*, 489 F.3d 197, 198–201 (5th Cir. 2007).

### B.

Villasenor-Ortiz maintains that his conviction for Texas aggravated assault no longer qualifies as the enumerated offense of aggravated assault. His argument is based on *Mathis*, wherein the Supreme Court determined that Iowa's burglary statute was not the enumerated offense of burglary under the Armed Career Criminal Act. 136 S. Ct. at 2257. In reaching this determination, the Supreme Court noted that Iowa's burglary statute covers more conduct that generic burglary does because the Iowa statute criminalizes entry into vehicles. *Id.* at 2250. Recognizing that a jury must find elements unanimously, the Court went on to note that the statute's listed locations for committing burglary were not alternative elements, but rather alternative *means* to establish a single element. *Id.* at 2248, 2250, 2256. Put another way, some jurors could determine that a defendant burgled a vehicle and some determine that the defendant burgled a dwelling, and the defendant would still be convicted of burglary. *See id.* at 2250, 2256. Because the categorical approach can only be used to determine *elements*, not means, the lower court

---

[5] We have also determined that earlier versions of the Texas aggravated assault statute contain some conduct that qualifies as generic aggravated assault and some that does not. *See United States v. Sanchez-Sanchez*, 779 F.3d 300, 303, 305 & n.18 (5th Cir.), *cert. denied*, 135 S. Ct. 2911 (2015) (1988 version); *Fierro-Reyna*, 466 F.3d at 326, 329–30 (1974 version).

No. 16-10366

erred in looking to the record to determine which occupied structure the defendant unlawfully entered. *Id.* at 2253.[6]

Turning to Villasenor's underlying conviction, at the time of the offense, Texas law on assault provided as follows:

> (a) A person commits an offense if the person:
>     (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>     (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>     (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01 (2003).  Texas law on aggravated assault at the time provided as follows:

> (a) A person commits an offense if the person commits assault as defined in § 22.01 and the person:
>     (1) causes serious bodily injury to another, including the person's spouse; or
>     (2) uses or exhibits a deadly weapon during the commission of the assault.

TEX. PENAL CODE § 22.02 (2003).[7]

Relying on *Landrian v. State*, 268 S.W.3d 532 (Tex. Crim. App. 2008), Villasenor-Ortiz argues that the Texas aggravated assault statute provides means, not elements, and therefore is not divisible under *Mathis*.  More

---

[6] We recently applied *Mathis* to determine that the Texas simple assault statute was not divisible with respect to the mens rea requirement.  *See Gomez-Perez v. Lynch*, 829 F.3d 323, 328 (5th Cir. 2016) ("Texas's assault statute can be committed by mere reckless conduct and thus does not qualify as a crime involving moral turpitude, which requires a more culpable mental state.").

[7] The version of section 22.02 in effect at the time of Villasenor-Ortiz's offense was the version effective September 1, 1994.  *See* 1993 Tex. Sess. Law Serv. 3586, 3619–20.

No. 16-10366

specifically, he maintains that (1) the various mens rea set forth in section 22.01(a) are not divisible and (2) the two aggravating factors in section 22.02(a) are not divisible. The fundamental flaw with Villasenor-Ortiz's argument, however, is that *Mathis* applies where the conduct at issue is *broader* than the conduct in the enumerated offense. *See Mathis*, 136 S. Ct. at 2257 ("*Because the elements of Iowa's burglary law are broader than those of generic burglary*, Mathis's convictions under that law cannot give rise to an ACCA sentence." (emphasis added)). That is not the case here. We have already held that the ways of committing the version of Texas aggravated assault that Villasenor-Ortiz challenges are included within the generic offense of aggravated assault.[8] *See Guillen-Alvarez*, 489 F.3d at 199–201 (relying on *Mungia-Portillo*, 484 F.3d at 815–17).[9] We have held that both subsections of section 22.02(a) fall within the scope of generic aggravated assault and that recklessness does not bring the conduct outside of the scope of generic aggravated assault.[10] *See id.*; *see*

---

[8] We note again, however, that we have held that earlier versions of the Texas aggravated assault statute cover conduct that falls outside of the scope of generic aggravated assault. *See Sanchez-Sanchez*, 779 F.3d 303, 305 & n.18; *Fierro-Reyna*, 466 F.3d at 326, 329–30 (5th Cir. 2006). Because Villasenor-Ortiz was not convicted under either of the versions of the statute at issue in those cases, we express no opinion as to the effect, if any, of *Mathis* on these earlier versions of the Texas aggravated assault statute.

[9] At oral argument, Villasenor-Ortiz attempted to distinguish *Guillen-Alvarez* and *Mungia-Portillo* on the ground that, in those cases, the court used the modified categorical approach to determine the conduct underlying the defendants' offenses. Although in both cases we noted the charging instrument alleged the offense involved a deadly weapon, we still considered the entirety of the state aggravated assault statutes to determine whether they constituted generic aggravated assault. *Guillen-Alvarez*, 489 F.3d at 199; *Mungia-Portillo*, 484 F.3d at 815. More specifically, in *Mungia-Portillo*, "[w]e assumed without deciding that Mungia pleaded guilty to the least culpable mental state, 'recklessly.'" *Guillen-Alvarez*, 489 F.3d at 200. Accordingly, Villasenor-Ortiz's identified distinction is not a meaningful reason to depart from our binding precedent.

[10] Villasenor-Ortiz further notes that the Fourth Circuit has expressly disagreed with *Guillen-Alvarez*'s conclusion that offenses that can be committed recklessly are within the scope of generic aggravated assault. *See United States v. Barcenas–Yanez*, 826 F.3d 752, 756–58 (4th Cir. 2016); *see also United States v. Garcia-Jimenez*, 807 F.3d 1079, 1085–86 (9th

No. 16-10366

*also Mungia-Portillo*, 484 F.3d at 817. It is therefore irrelevant whether the challenged statutory alternatives are considered means or elements.[11] Accordingly, Villasenor-Ortiz's argument fails the first prong of plain error review: there was no error. Alternatively, any such error was not plain, given the analysis above.[12]

AFFIRMED.

---

Cir. 2015). We are nonetheless bound by *Guillen-Alvarez* under this court's rule of orderliness. *See Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 305 (5th Cir. 2015).

[11] It is for this reason that *Gomez-Perez*, is distinguishable. There, we had to decide whether Texas assault qualified as a crime involving moral turpitude. 829 F.3d at 325. We noted that, for a crime to involve moral turpitude, it must involve an intentional act, and Texas assault included reckless conduct. *Id.* Because Texas law had determined that the three culpable mental states in the statute were means, not elements, the statute was not divisible under *Mathis*. *Id.* at 328.

[12] We therefore need not, and do not, reach the Government's alternative argument for applying the sixteen-level enhancement—that Texas aggravated assault is a crime of violence under the "use of force" clause. *See* U.S.S.G. § 2L1.2(b)(1)(A) cmt. n.1(B)(iii).