# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60449
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2017

Lyle W. Cayce
Clerk

JUAN MANUEL CERDA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 938 522

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Cerda, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA), which upheld an order of an Immigration Judge (IJ) denying his application for cancellation of removal and ordering him removed from the United States. The IJ found that Cerda was deportable and that he was not eligible for cancellation of removal because his prior assault conviction under Texas Penal Code § 22.01(a)(1) was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60449

for a crime involving moral turpitude that made him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I).  Because § 22.01(a)(1) proscribes some forms of assault that are not morally turpitudinous, the denial of Cerda's cancellation of removal application rested on the modified categorical approach, which the IJ and BIA used to narrow his prior conviction by reference to state court documents in accordance with *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 824-26 (5th Cir. 2012).

In *Gomez-Perez v. Lynch*, 829 F.3d 323, 328 n.5 (5th Cir. 2016), we recently held that to the extent *Esparza-Rodriguez* treated § 22.01(a)(1) as divisible and thus amenable to the modified categorical analysis, it has been overruled by *Mathis v. United States*, 136 S. Ct. 2243 (2016).  The parties now agree that remand is warranted.  Accordingly, we GRANT the petition for review, VACATE the decision of the BIA, and REMAND the case for further consideration of whether Cerda meets the other requirements to be considered for cancellation of removal, and if so, whether he is entitled to that relief as an exercise of the immigration court's discretion.