# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON HERNANDEZ-RAMIREZ, also known as Ramon Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-492-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ramon Hernandez-Ramirez appeals the 30-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that the district court reversibly erred by imposing a 16-level enhancement under the crime of violence provision of U.S.S.G. § 2L1.2(a)(1)(A)(ii) (2015) and by imposing judgment under 8 U.S.C. § 1326(b)(2) based on his prior Texas felony conviction of aggravated assault with a deadly weapon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41253

Hernandez-Ramirez argues that Texas aggravated assault is broader than generic aggravated assault and, furthermore, does not require the use or threatened use of force for purposes of § 2L1.2(a)(1)(A)(ii). He concedes that his argument is foreclosed by *United States v. Guillen-Alvarez*, 489 F.3d 197, 198 (5th Cir. 2007), but he argues that *Guillen-Alvarez* and *United States v. Villasenor-Ortiz*, No. 16-10366, ___ F. App'x ___, 2017 WL 113917, 3 (5th Cir. Jan. 11, 2017), were wrongly decided. This court recently held that *Guillen-Alvarez*'s holding remains valid after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). Moreover, this court is bound by its own precedent unless and until it is altered by the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986). It is unnecessary to consider whether his conviction involves the use of force.

He also argues that the entry of judgment under § 1326(b)(2) was plainly erroneous because Texas aggravated assault with a deadly weapon is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), which defines aggravated felony by reference to 18 U.S.C. § 16. His conviction does not fall within § 16(a). *See United States v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006). Hernandez-Ramirez recognizes that this court has rejected a challenge to the constitutionality of § 16(b) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 672-79 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). He notes, however, that the Supreme Court has granted certiorari in *Sessions v. Dimaya*, 137 S. Ct. 31 (2016), to resolve a circuit split over *Johnson*'s effect on § 16(b). The grant of certiorari in *Dimaya* does not alter this court's holding in *Gonzalez-Longoria*. *See Wicker*, 798 F.2d at 157-58.

The judgment of the district court is AFFIRMED.