# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60194

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

NANCY KARINA CHACON,

     Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

     Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 516 026

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioner Nancy Karina Chacon requests review of the Board of Immigration Appeals' ("BIA") denial of her application for cancellation of removal under 8 U.S.C. § 1229b(a). For the following reasons, we DENY her petition.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60194

## I. BACKGROUND

Chacon is a native and citizen of Guatemala, who became a lawful permanent resident in 2005. In 2010, she was convicted of larceny of merchandise in violation of Oklahoma City Municipal Code § 30-39. In 2014, she was convicted of larceny of merchandise from a retailer in violation of OKLA. STAT. tit. 21, § 1731, based on an unrelated incident in 2011. Also in 2014, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging Chacon with removability under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two separate crimes involving moral turpitude ("CIMT"). DHS later added an additional ground to remove Chacon: conviction for possession of a controlled substance, under § 1227(a)(2)(B)(i). The immigration judge ("IJ") concluded that Chacon was removable because of her prior controlled substance offense, but indicated that she could seek cancellation of removal.

Chacon applied for cancellation of removal, but in a subsequent hearing, the IJ found that Chacon did not qualify. The IJ concluded that both of Chacon's larceny convictions were CIMT, rendering her ineligible for cancellation of removal. The BIA affirmed the IJ's denial of Chacon's application for cancellation of removal. Chacon conceded that her 2014 larceny conviction was a CIMT, but argued that her 2010 larceny conviction under the Oklahoma City ordinance was not. First, the BIA determined that violation of the city ordinance was a crime. Second, the BIA rejected Chacon's argument that larceny under the ordinance was not a crime involving moral turpitude because it does not require intent to permanently deprive. It reasoned that "the nature of the offense [was] such that it [was] reasonable to assume that the taking [was] with the intention of retaining the merchandise permanently." (quoting *In re Jurado-Delgado*, 24 I. & N. Dec. 29, 33–34 (BIA 2006)). Based

2

No. 15-60194

on these two convictions, the BIA concluded that Chacon was ineligible for cancellation of removal.

Chacon filed this petition for review.

## II. STANDARD OF REVIEW

We review questions of law in the petition for review de novo, but give "considerable deference to the BIA's interpretation of the legislative scheme." *Mercado v. Lynch*, 823 F.3d 276, 278 (5th Cir. 2016) (per curiam) (quoting *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007)). In other words, "[w]e give *Chevron* deference to the BIA's interpretation of the term 'moral turpitude' and its guidance on the general categories of offenses which constitute CIMTs, but we review *de novo* the BIA's determination of whether a particular state or federal crime qualifies as a CIMT." *Id.* (quoting *Esparza–Rodriguez v. Holder*, 699 F.3d 821, 823–24 (5th Cir. 2012)) (alteration in original).

## III. DISCUSSION

Chacon, as a permanent resident alien, is eligible for cancellation of removal if she "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). At issue for Chacon is the continuous residency prong, which is governed by the stop-time rule that states that continuous residency ends when a permanent resident commits an offense listed in § 1182(a). *Id.* § 1229b(d)(1); *see also Miresles-Zuniga v. Holder*,743 F.3d 110, 112 (5th Cir. 2014).

Relevant to Chacon, CIMTs are offenses that interrupt the continuous residency requirement, 8 U.S.C. § 1182(a)(2)(A)(i)(I), unless such offenses qualify for the petty offense exception, *id.* § 1182(a)(2)(A)(ii). The petty offense exception exempts "an alien who *committed only one crime*," which interrupts the period, if "the maximum penalty possible for the crime of which the alien

3

was convicted . . . did not exceed imprisonment for one year and . . . the alien was not sentenced to a term of imprisonment in excess of 6 months." *Id.* § 1182(a)(2)(A)(ii) (emphasis added).

We apply the categorical approach to determine whether a conviction is a CIMT. *Gomez–Perez v. Lynch*, 829 F.3d 323, 326–27 (5th Cir. 2016); *Cisneros-Guerrero v. Holder*, 774 F.3d 1056, 1058 (5th Cir. 2014). Recently, our court reaffirmed that we look to only the minimum reading of the statute, instead of examining whether there is a "realistic probability" that the statute applies to conduct that falls outside the definition of a CIMT. *Mercado*, 823 F.3d at 278. "Pursuant to this approach, '[a]n offense is a crime involving moral turpitude if the minimum reading of the statute [of conviction] necessarily reaches only offenses involving moral turpitude.'" *Id.* at 278–79 (quoting *Nino v. Holder*, 690 F.3d 691, 694 (5th Cir. 2012)) (alterations in original).

The Immigration and Nationality Act does not define "moral turpitude," therefore, "Congress left the interpretation of this provision to the BIA and interpretation of its application to state and federal laws to the federal courts." *Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 319–20 (5th Cir. 2005). "It is well settled that theft or larceny offenses involve moral turpitude." *In re Jurado-Delgado*, 24 I. & N. Dec. at 33. Traditionally, the BIA considered a theft or larceny statute a CIMT only if it included as an element the "intent to *permanently* deprive an owner of property." *See In re Diaz-Lizarraga*, 26 I. & N. Dec. 847, 849 (BIA 2016). The BIA recently overruled this line of decisions, however, and held that "a theft [or larceny] offense is a crime involving moral turpitude if it involves an intent to deprive the owner of his property either permanently or under circumstances where the owner's property rights are substantially eroded." *Id.* at 853. In other words, a theft or larceny statute is not a CIMT in circumstances where it criminalizes a de minimis taking, such

as joyriding. *See id* at 850–51. Applying "substantial deference" to the BIA's interpretation of the term "moral turpitude," *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006) (quoting *Smalley v. Ashcroft*, 354 F.3d 332, 335–36 (5th Cir. 2003)), we will examine whether Chacon's conviction under the Oklahoma City ordinance involves a crime of moral turpitude.

Chacon has conceded that her 2011 conviction for larceny of merchandise from a retailer in violation of OKLA. STAT. tit. 21, § 1731 is a CIMT, but she insists that her 2010 conviction for larceny of merchandise under Oklahoma City Municipal Code § 30-39 is not. She argues that the Oklahoma City ordinance is not a CIMT because it does not require the intent to permanently deprive the owner of the property and that the BIA erred in presuming such intent was a necessary element of the crime. Chacon further asserts that the rule of lenity should apply to interpret the ordinance in her favor.

Our de novo review of the ordinance convinces us that Chacon's 2010 conviction is a CIMT. *See Mercado*, 823 F.3d at 278. Oklahoma City Municipal Code § 30-39 provides that "[n]o person shall commit the offense of larceny of merchandise from a retail or wholesale establishment." It defines larceny as "taking of private or public property accomplished by fraud or stealth, with the intent to deprive another thereof." *Id.* § 30-31(2). The definition of larceny contained in section 30-31(2) tracks the language of the state statute that Chacon conceded was a CIMT almost verbatim, *see* OKLA. STAT. tit. 21, § 1701 (defining larceny as "the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof"). Moreover, in a note the city ordinance under which Chacon was convicted in 2010 cites to the Oklahoma statute under which Chacon was convicted in 2014. OKLA. CITY, OKLA. CODE § 30-39 (citing OKLA. STAT. tit. 21, § 1731). Our determination is strengthened by prior Fifth Circuit precedent, which held that a conviction under a Delaware theft statute was a CIMT, even though that statute did not

expressly include the intent to permanently deprive another of goods. *Okoro v. I.N.S.*, 125 F.3d 920, 926 & n.11 (5th Cir. 1997) (citing 11 DEL. CODE § 841, which states that "[a] person is guilty of theft when the person . . . obtains the property of another person intending to deprive that person of it or appropriate it"); *accord In re Jurado-Delgado* 26 I. & N. Dec. at 33 (determining that a Pennsylvania statute that "require[d] proof that the person took merchandise offered for sale by a store without paying for it and with the intention of depriving the store owner of the goods" was a CIMT). Thus, on its face, the Oklahoma City Municipal code appears to comport with the generic offense of larceny.[1] *See Gomez–Perez*, 829 F.3d at 326–27.

Accordingly, we conclude that Chacon's 2010 conviction under Oklahoma City Municipal Code § 30-39 is a CIMT, *see Mercado*, 823 F.3d at 278, and she is therefore ineligible for cancellation of removal.

## IV. CONCLUSION

For the foregoing reasons, we DENY Chacon's petition for review.

---

[1] Because we conclude that the Oklahoma City ordinance is not ambiguous, we do not apply the rule of lenity. *See United States v. Kay*, 513 F.3d 432, 445 (5th Cir. 2007).