# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON HERNANDEZ-RAMIREZ, also known as Ramon Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-492-1

## ON REMAND FROM THE UNITED STATES SUPREME COURT

Before HIGGINBOTHAM and HAYNES, Circuit Judges. [*]

PER CURIAM:

On July 19, 2017, we issued an opinion in this case denying Ramon Hernandez-Ramirez's challenge to his sentence and affirming the court's entry of judgment under 8 U.S.C. § 1326(b)(2). *United States v. Hernandez-Ramirez*, 693 F. App'x 371 (5th Cir. 2017). Hernandez-Ramirez petitioned the Supreme

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4. Judge Edward Prado, a member of the original panel in this case, retired from the court on April 2, 2018, and therefore did not participate in the opinion on remand. The opinion on remand is issued by a quorum. *See* 28 U.S.C. § 46(d).

No. 16-41253

Court for certiorari.  Following its decision in *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018), the Court remanded this case to our court "for further consideration" in light of *Dimaya.  Hernandez-Ramirez v. United States*, 138 S. Ct. 1982 (2018).  We requested supplemental briefing from the parties and now modify our judgment in part.

The parties agree, and we conclude, that the holding in *Dimaya* does not impact our affirmance of the sentence.  They disagree, however, about whether we should reconsider the holding regarding § 1326(b)(2).  Hernandez-Ramirez argues we should modify the judgment of conviction to reflect conviction under § 1326(b)(1).  *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (conviction under § 1326(b)(2) has significant immigration consequences).  The Government agrees that *Dimaya* supercedes our prior holding resting on the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F) that incorporated the definition contained in 18 U.S.C. § 16(b) but argues that *Dimaya* leaves 18 U.S.C. § 16(a) undisturbed.

In the interim period, the law in this area has continued to develop.  We conclude that the case should be reinstated on the docket and that the parties should file full briefing in accordance with the usual schedule.

Accordingly, we VACATE  our prior affirmance and REINSTATE the appeal on our docket for new briefing and consideration.