# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60734
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2018

Lyle W. Cayce
Clerk

DZHAMOL ABUZAROVICH MUKHTAROV,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 653 768

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Dzhamol Abuzarovich Mukhtarov, a native and citizen of Uzbekistan, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the denial of his motion to reopen his removal proceedings. He argues that the Immigration Judge (IJ) erroneously refused to equitably toll the deadline for his statutory motion to reopen in light of *Gomez-Perez v. Lynch*, 829 F.3d 323 (5th Cir. 2016). Mukhtarov also has filed a motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remand his case to the BIA in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

Where the BIA affirms an IJ's decision without opinion, as here, we review the decision of the IJ. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We review the denial of a statutory motion to reopen under the "highly deferential" abuse of discretion standard. *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304-05 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 677 (2018). Mukhtarov has not shown any abuse of discretion. He did not support his motion with the required evidence. *See Gonzalez-Cantu*, 866 F.3d at 304-05; 8 U.S.C. § 1229a(c)(7)(B) (stating that a motion to reopen "shall be supported by affidavits or other evidentiary material"). He has not shown that the IJ's decision not to equitably toll the deadline was "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gonzalez-Cantu*, 866 F.3d at 304-05 (internal citation and quotation marks omitted).

As for Mukhtarov's motion to remand in light of *Pereira*, he failed to exhaust any basis for the argument. Mukhtarov appears to rely on *Pereira* to show that he is now eligible for cancellation of removal for certain permanent residents under 8 U.S.C. § 1229b(a). However, Mukhtarov never previously advanced any argument that he should have been deemed eligible for cancellation of removal. At the time he filed his motion to reopen, there was a circuit split on the issue resolved in *Pereira*. *See* 138 S. Ct. at 2113 & n.4. Mukhtarov has not "fairly present[ed]" the issue to the BIA. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). Therefore, while we otherwise have jurisdiction to rule on Mukhtarov's petition for review, we are devoid of jurisdiction as to the basis of Mukhtarov's motion to remand.

No. 17-60734

Accordingly, we DENY the petition for review in part and DISMISS it in part.  We further DENY the motion to remand.