**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4901**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHELLE SYLETHIA JORDAN, a/k/a Michelle Harris, a/k/a Michelle Welsh,

Defendant - Appellant.

**No. 18-4902**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL PAUL ANTHONY WELSH, a/k/a Michael A. Welsh, a/k/a Michael Paul S. Welsh,

Defendant - Appellant.

**No. 18-4903**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARROL ANTONIO JACKSON, a/k/a Jack Jackson,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge.  (8:17-cr-00064-RWT-1; 8:17-cr-00064-RWT-2; 8:17-cr-00064-RWT-3)

_____

Submitted: July 31, 2020                                    Decided:  August 18, 2020

_____

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William C. Brennan, Jr., BRENNAN, MCKENNA & LAWLOR, CHTD., Greenbelt, Maryland; Marc Gregory Hall, LAW OFFICE OF MARC G. HALL, PC, Greenbelt, Maryland; Eugene Gorokhov, BURNHAM & GOROKHOV,  PLLC, Washington, D.C., for Appellants.  Robert K. Hur, United States Attorney, Kristi N. O'Malley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle S. Jordan, Michael P. A. Welsh, and Carrol A. Jackson (collectively, "Defendants") appeal their jury convictions and sentences imposed for wire fraud, in violation of 18 U.S.C. § 1343 (2018), and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2018). Defendants challenge the district court's exclusion of certain electronic evidence, the court's issuance of a jury instruction on willful blindness, and the sufficiency of the evidence supporting their convictions. Finding no reversible error, we affirm.

Initially, we review a district court's evidentiary rulings for abuse of discretion, and we will only overturn a ruling that is arbitrary or irrational. *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir.), *cert. denied*, 140 S. Ct. 269 (2019). Even if there is error, "we will not vacate a conviction if an error was harmless." *United States v. Sutherland*, 921 F.3d 421, 429 (4th Cir. 2019) (citation omitted), *cert. denied*, 140 S. Ct. 1106 (2020). We have reviewed the record and relevant legal authorities and can discern no abuse of discretion in any of the challenged evidentiary rulings.

With respect to the jury instructions, we review a district court's "decision to give (or not to give) a jury instruction . . . for abuse of discretion." *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). "A requested instruction may be given if there is a foundation in evidence to support it." *United States v. Schnabel*, 939 F.2d 197, 203-04 (4th Cir. 1991). As the district court noted, there is extensive evidence in the record of Defendants' actual knowledge and willful blindness regarding the realities of their fraud scheme. *See United States v. Jinwright*, 683 F.3d 471, 479-80 (4th Cir. 2012).

3

Accordingly, the district court properly instructed the jury on willful blindness. *See United States v. Hale*, 857 F.3d 158, 168-69 (4th Cir. 2017).

Finally, a defendant challenging the sufficiency of the evidence on appeal faces a heavy burden. *United States v. Gutierrez*, 963 F.3d 320, 337 (4th Cir. 2020). To meet that burden, the defendant "must show that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. A conviction will be reversed for insufficient evidence only in the rare case when the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

"[T]he essential elements of wire fraud are (1) the existence of a scheme to defraud, and (2) the use of a wire communication in furtherance of the scheme." *United States v. Vinson*, 852 F.3d 333, 355 (4th Cir. 2017) (internal quotation marks omitted). "To prove a scheme to defraud, the prosecution must establish that the defendant acted with a specific intent to defraud." *Id.* (internal quotation marks omitted). In addition, "[c]onspiracy to commit wire fraud under 18 U.S.C. § 1349 requires a jury to find that (1) two or more persons agreed to commit wire fraud and (2) the defendant willfully joined the conspiracy with the intent to further its unlawful purpose." *United States v. Burfoot*, 829 F.3d 326, 335 (4th Cir. 2018). Our review of the record reveals that the Government proffered substantial evidence supporting Defendants' convictions on all counts.

Therefore, we affirm the criminal judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*