# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2022

Lyle W. Cayce
Clerk

No. 21-60760
Summary Calendar

Javier Paredes Echavarria,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A074 623 277

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Javier Paredes Echavarria, a native and citizen of Mexico, timely petitions this court for review of a decision of the Board of Immigration Appeals upholding the denial of his motion to reopen. He argues that his untimely motion should be equitably tolled because his sister was keeping

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

track of legal developments in the United States and notified him to file a motion as soon as they believed new law changed his status.

We have jurisdiction to review the facts relevant to Paredes Echavarria's arguments because his conviction is no longer a Crime Involving Moral Turpitude and so 1252(a)(2)(C) does not apply. *Gomez-Perez v. Lynch*, 829 F.3d 323, 328 (5th Cir. 2016).

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, we review the denial of a motion to reopen under a "highly deferential abuse of discretion standard." *Id.* This standard requires a ruling to stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted). When BIA adopts the IJ's decision, as it did here, this court can review the IJ's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

We do not find that the Immigration Judge's ruling is an abuse of discretion. The record reflects there is little evidence for what steps Echavarria, or his family, took to pursue his rights and the Immigration Judge correctly held that the law was actually changed by a 2016 decision of this court and not the 2018 Supreme Court decision relied on in Paredes Echavarria's motion. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016); *see Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *Gomez-Perez*, 829 F.3d at 328.

We lack jurisdiction to consider Parades Echavarria's arguments that the Board should have exercised its sua sponte authority to reopen his case. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672 (5th Cir. 2003).

DENIED IN PART, DISMISSED IN PART.