**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 6, 2013

Lyle W. Cayce
Clerk

No. 12-40837
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTO ORTIZ-CUEVAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-159-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fausto Ortiz-Cuevas asserts for the first time on appeal that the district court erroneously convicted and sentenced him to 24 months in prison under 8 U.S.C. § 1326(b)(2), which carries a statutory maximum term of imprisonment of 20 years. We agree that Ortiz-Cuevas's prior New Jersey conviction for assault with a deadly weapon was not an aggravated felony for purposes of subsection (b)(2) because his sentence was less than one year in prison. *See* 8 U.S.C. § 1101(a)(43)(F); *United States v. Mondrago-Santiago*, 564 F.3d 357, 368-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

69 (5th Cir. 2009).  His conduct in this case violated § 1326(b)(1), which carries a statutory maximum prison term of 10 years.  *See* § 1326(b)(1); *Mondragon-Santiago*, 564 F.3d at 368-69.

Ortiz-Cuevas contends that the district court's error in assessing the statutory sentencing range was a factor in the court's sentencing decision that requires resentencing.  However, plain error review applies, and Ortiz-Cuevas cannot meet his burden of proving that the error affected his substantial rights, as he was sentenced well under the 10-year statutory maximum and nothing suggests § 1326(b)(2) was a factor.  *See Mondragon-Santiago*, 564 F.3d at 368-69.  Nevertheless, as in *Mondragon-Santiago*, we "reform the judgment to reflect the correct statutory subsection."  *Id.* at 369.

AFFIRMED, with the judgment REFORMED to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).