## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40022

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ARTURO CASTANEDA-LOZOYA, also known as JOSE CASTANEDA-LOZOYA,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Arturo Castaneda-Lozoya pled guilty to illegal reentry. He had previously been convicted of a sexual assault. The district court determined this prior conviction subjected Castaneda to a 20-year statutory maximum sentence. Castaneda appeals, challenging the district court's determination. We AFFIRM.

### FACTUAL AND PROCEDURAL BACKGROUND

Castaneda is a Mexican citizen. He and his parents entered the United States without inspection when he was a child. In November 2005, he was

No. 15-40022

convicted in Texas of felony sexual assault and was sentenced to seven years of deferred adjudication probation. Castaneda was deported to Mexico a year later. Immigration and Customs Enforcement agents, however, encountered Castaneda in Texas in June 2014. Castaneda admitted he illegally returned to the United States in March 2007. He pled guilty to illegal reentry.

Castaneda's base offense level was eight pursuant to Section 2L1.2(a) of the Sentencing Guidelines. He received a 16-level increase for being previously deported after a conviction for a "crime of violence" under Section 2L1.2(b)(1)(A)(ii), as a result of his 2005 Texas conviction for sexual assault. After a three-level reduction for acceptance of responsibility, his total offense level was 21. Castaneda had three criminal history points, placing him in criminal history category II. Therefore, with a total offense level of 21 and a criminal history category of II, Castaneda's range according to the Guidelines was 41 to 51 months. The district court also determined that his earlier deportation was after conviction for an aggravated felony, which meant the statutory maximum for his new offense was 20 years. *See* 8 U.S.C. § 1326(b)(2). The district court sentenced Castaneda to 41 months, followed by three years of supervised release.

Castaneda filed a timely notice of appeal, arguing the district court's determination that he had a prior aggravated felony conviction was in error.

## DISCUSSION

The statutory maximum that was applied to Castaneda states that when an alien "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2). An aggravated felony is, among other things, "a crime of violence . . . for which the term of imprisonment [is] at least one year." *Id*. § 1101(a)(43)(F). Castaneda argues that because he

2

No. 15-40022

was sentenced to seven years of deferred adjudication probation for his pre-deportation offense, he was not imprisoned for at least one year. Therefore, his prior Texas conviction was not an aggravated felony, precluding application of the 20-year statutory maximum. Castaneda argues, instead, that he is subject only to a ten-year statutory maximum. *See id.* § 1326(b)(1). He contends that even though he was sentenced only to 41 months of incarceration, the statutory maximum could have influenced the district court's sentence.

We review the district court's interpretation and application of the Guidelines *de novo*, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If an argument is raised for the first time on appeal, we review for plain error. *United States v. Duque-Hernandez*, 710 F.3d 296, 298 (5th Cir. 2013). Castaneda claims he made the objection concerning aggravated felonies, and therefore *de novo*, not plain error, review applies. Castaneda objected on the basis that his Texas conviction did not fit within the definition of a "crime of violence" under Section 1101(a)(43)(F). That is, the elements of the Texas conviction did not track the federal definition of "crime of violence." On appeal, he argues that Section 1101(a)(43)(F) does not apply because he was not imprisoned for at least one year. Thus, while Castaneda stated an objection based on Section 1101(a)(43)(F), he did so on different grounds. That is insufficient to preserve the issue. *See United States v. Juarez*, 626 F.3d 246, 253–54 (5th Cir. 2010).

Plain error review therefore applies. Under plain error review: (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, [we have] the *discretion* to remedy the error—discretion which ought to be exercised only

if the error '*seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.*'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alternation in original) (emphasis added).

We start our review with a concession by the Government. It agrees with Castaneda that the district court erred in analyzing whether the prior conviction was for an aggravated felony. The category of "aggravated felony" considered by the district court was that of a crime of violence for which the term of imprisonment actually received was at least one year. *See* 8 U.S.C. § 1101(a)(43)(F); *United States v. Landeros-Arreola*, 260 F.3d 407, 410 (5th Cir. 2001) ("[T]he enhancement does not apply 'when a defendant is directly sentenced to probation.'"). Castaneda received only deferred adjudication probation, and not a prison sentence.

As an alternative, the Government argues the Texas conviction should be considered rape, which is another category of aggravated felony. We may affirm on any ground supported by the record. *United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006).

To determine whether Castaneda's offense can be categorized as rape under federal law, we would need to examine the Texas statute under which he was convicted and compare it to the federal statutory definition of rape. *See Perez-Gonzalez v. Holder*, 667 F.3d 622, 625 (5th Cir. 2012). The Texas statute contains alternative means of committing the offense, some of which likely would not be rape under the federal definition. *See* Tex. Penal Code Ann. § 22.011. When a statute contains alternative methods for commission of the offense, some of which would not be an aggravated felony, we apply what is called the modified categorical approach. *Perez-Gonzalez*, 667 F.3d at 625. We consider certain limited evidence such as the charging instrument in order to narrow the offense. *Id.* If after review of such materials we can conclude that the conviction "necessarily" involved those elements that constitute an

4

aggravated felony, then the Government has met its burden to prove the prior conviction was for an aggravated felony. *Id.*

We find it unnecessary to analyze the intricacies of the modified categorical approach. Even if variations in the Texas statutory definitions ultimately lead to the conclusion that Castaneda's offense was not an aggravated felony, he still has not shown plain error in the sentence.

Under the third prong of plain error review, Castaneda must show the error affected his substantial rights. *Puckett*, 556 U.S. at 135. If the district court erred, it was in concluding that the statutory maximum for the offense was twenty years when it should have been ten. Castaneda's sentence was for 41 months of imprisonment. He argues that the 20-year maximum "could well have influenced the district court's selection of sentence." As evident by Castaneda's use of the phrase "could well have," Castaneda is unable to point to any evidence suggesting this was in fact the case. There is also no evidence in the record to suggest this.

In an unpublished case, we rejected a similar argument because the defendant was unable to point to any evidence in the record. *See United States v. Ortiz-Cuevas*, 516 F. App'x 325 (5th Cir. 2013). We agree with that panel. Castaneda's speculation does not support a finding of reversible plain error.

AFFIRMED.