# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10841
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO C. ESQUIVEL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-90-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Fernando C. Esquivel pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, and he received a within-guidelines sentence of 70 months in prison. On appeal, he argues that the district court clearly erred by imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) based on a conclusion that the methamphetamine was imported. Esquivel argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the enhancement should not apply because there was no evidence showing that he knew that the methamphetamine had been imported.  In addition, he maintains that the court wrongly applied the enhancement because the conspiracy offense did not require proof of importation and because there was insufficient evidence to show that the fact of importation could be considered as relevant conduct under U.S.S.G. § 1B1.3.

The Government moves for summary affirmance, asserting that the importation enhancement was properly applied.  This court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent.  *See, e.g., United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010) (noting the denial of summary affirmance where an issue was not foreclosed).  As Esquivel does not concede that his arguments are foreclosed, summary affirmance is inappropriate.

Esquivel's challenge to the court's imposition of the guidelines enhancement is a challenge to the procedural reasonableness of his sentence. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  "[The] district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted).

Pursuant to § 2D1.1(b)(5), a two-level upward adjustment should be assessed if the offense of conviction "involved the importation of amphetamine or methamphetamine."  We have held that the enhancement applies "regardless of whether the defendant had knowledge of that importation." *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).  Although Esquivel asserts that *Serfass* was wrongly decided, one panel of this court may not

overrule a decision made by a prior panel absent en banc consideration, a change in relevant statutory law, or an intervening decision by the Supreme Court. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002). As for Esquivel's assertion that the Government was required to prove that the importation constituted relevant conduct attributable to him, "distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement." *United States v. Foulks*, 717 F.3d 914, 915 (5th Cir. 2014) (citations omitted).

As Esquivel has not shown that the district court erred in imposing the two-level enhancement, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance and the alternative motion for an extension of time to file an appellate brief is DENIED.