# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20688
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DANET ANTONIO PEREZ-BELMARES,
   Also Known as Danet Perez, Also Known as David Medina,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-356-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Danet Perez-Belmares pleaded guilty of illegal reentry by a previously

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20688

deported alien following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to a within-guidelines sentence of 72 months of imprisonment and 3 years of supervised release. Perez-Belmares claims that the sentence is substantively unreasonable because it overemphasizes his criminal history while not giving adequate weight to the cultural-assimilation factors under U.S.S.G. § 2L1.2. He also maintains that the district court plainly erred in concluding that his Texas conviction of burglary of a habitation is a crime of violence ("COV") warranting a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

This court ordinarily reviews the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Perez-Belmares concedes, however, that he did not object to substantive reasonableness. Therefore, our review is for plain error.[1]

Perez-Belmares contends that the district court overemphasized his criminal history and failed to accord sufficient weight to his cultural assimilation. That argument is nothing more than a disagreement with the weighing of the 18 U.S.C. § 3553(a) factors, which is insufficient to show abuse of discretion, let alone reversible plain error. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Perez-Belmares's alleged cultural assimilation does not rebut the presumption of reasonableness applicable to his within-guidelines sentence or establish that the court committed plain error.[2]

---

[1] *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). Although Perez-Belmares concedes his failure to object, he points out that circuits are divided on whether a failure to object to the reasonableness of a sentence is subject to plain-error review, and he seeks to preserve that issue for possible review by the Supreme Court.

[2] Perez-Belmares also argues that the presumption of reasonableness should not apply to his sentence because § 2L1.2 and the 16-level COV enhancement are not based on empirical evidence or study. He correctly concedes, however, that that argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

2

No. 15-20688

For the first time on appeal, Perez-Belmares avers that his Texas conviction is not a COV. He relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), for his theory that the definition of COV found in 18 U.S.C. § 16(b) and incorporated in the commentary of § 2L1.2 is void for vagueness. Because he did not raise that challenge before the district court, he correctly concedes that review is for plain error. *See Whitelaw*, 580 F.3d at 260.

As the government points out, the sentence was not calculated by reference to either the residual clause in 18 U.S.C. § 924(e)(2)(B), which was struck down in *Johnson*, or § 16(b). His offense of burglary of a habitation is an enumerated offense within the commentary of § 2L1.2, and *Johnson* is inapplicable.[3] Perez-Belmares concedes that his prior conviction qualifies as an enumerated COV under the guidelines commentary. By failing to brief any challenge to the statutory definition of Texas burglary of a habitation, Perez-Belmares has abandoned any contrary argument.[4]

The judgment of sentence is AFFIRMED.

---

[3] *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.).

[4] *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (stating that issues not raised and argued in appellant's initial brief are waived).