# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50895
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

June 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKY MENDOZA RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-39-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ricky Mendoza Rodriguez appeals the sentence imposed on the revocation of his supervised release. The district court sentenced him above his guidelines range to 36 months of imprisonment, followed by eight years of supervised release. Rodriguez argues that the district court committed plain error in sentencing him because it considered improper, irrelevant, and unsupported factors. Specifically, he contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence was based on the district court's unsupported belief that he presented false information about himself, improper consideration of the fact that he had children with three women in non-marital relationships, and improper consideration of the severity of his original offense of conviction.

We review Rodriguez's arguments under the plain error standard because he did not object to his sentence in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To succeed on plain error review, Rodriguez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Rodriguez has not demonstrated plain error in this case. With respect to his contention that the district court erroneously faulted him for fabricating stories, we conclude that Rodriguez made several factual statements which the district court could have disbelieved as self-serving based on an adverse credibility finding, such as his statements that he intended to get married, absconded out of care for his family, and was law-abiding during the nearly five years he absconded. Credibility "determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." *United States v. Davis*, 754 F.3d 278, 285 (5th Cir. 2014).

Next, Rodriguez contends that it was improper for the district court to consider the fact that he had children with three women in non-marital relationships because such a circumstance was not illegal, did not violate Rodriguez's supervised release conditions, and fell within his constitutionally protected rights to engage in non-marital sex and to bear children regardless of wedlock. "To be 'plain,' legal error must be clear or obvious, rather than

subject to reasonable dispute." *United States v. Warren*, 720 F.3d 321, 326-27 (5th Cir. 2013) (internal quotation marks and citation omitted).  The cases cited by Rodriguez in support of this argument do not directly address whether a district court is prohibited at sentencing from considering a defendant's relationship to his children born out of wedlock and their mothers.  Rodriguez has not shown that the law is settled on this issue and thus has not satisfied his burden of demonstrating clear and obvious error under plain error review. *See Warren*, 720 F.3d at 326-27.

Furthermore, "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).  In pronouncing the sentence, the district court referenced several factors that Rodriguez does not contest, including Rodriguez's use of alcohol, arrest for driving while intoxicated, and the fact that he absconded for 56 months.  It is at least equally plausible that the uncontested reasons were the primary bases for Rodriguez's above-guidelines sentence and that the issues he challenges were nothing more than a secondary concern or additional justification for the sentence.  *See Rivera*, 784 F.3d at 1017.  Because Rodriguez did not object to alert the district court to clarify itself, we cannot conclude that his sentence was based on any improper or irrelevant consideration of his relationship with his children and their mothers.  *See United States v. Hernandez-Martinez*, 485 F.3d 270, 274 (5th Cir. 2007).

Rodriguez's final argument concerns the following comment by the district court about his original conviction: "He has a very serious crime of dealing with crack cocaine for which he got sentenced, a very adequate sentence at the time."  This comment does not show that the seriousness of

No. 16-50895

Rodriguez's original conviction, if it was a consideration at all, was a dominant factor in the court's revocation sentence rather than a secondary or additional concern. *See Rivera*, 784 F.3d at 1017; *Hernandez-Martinez*, 485 F.3d at 274.

In addition, Rodriguez also has not demonstrated an effect on his substantial rights with respect to any of the factors he challenges. To show that a sentencing error affected his substantial rights, an appellant must demonstrate a reasonable probability that he would have received a lesser sentence but for the error. *Rivera*, 784 F.3d at 1018. Rodriguez has not shown that there is evidence of prejudice in the record. His assertion that the extent of the upward variance suggests that his sentence was influenced by the district court's consideration of improper factors is speculative and insufficient to demonstrate a reasonable probability that he would have received a lesser sentence but for the considerations he challenges. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 460 (5th Cir. 2016).

Finally, Rodriguez has not shown that we should exercise our discretion on the grounds that any error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135. The record provides support that the decision not to remand for resentencing would not result in a miscarriage of justice. *United States v. Wikkerink*, 841 F.3d 327, 339 (5th Cir. 2016). Accordingly, the judgment of the district court is AFFIRMED.