# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-40618
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR EDUARDO VASQUEZ-SEGOVIANO,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-992-1

————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hector Eduardo Vasquez-Segoviano appeals the 77-month sentence he received after he pleaded guilty to illegal reentry. He complains that the district court plainly erred when it deemed his prior Texas conviction for aggravated assault with a deadly weapon, in violation of Texas Penal Code § 22.02(a)(2), a crime of violence and applied U.S.S.G. § 2L1.2 (2015) to increase his offense level. He contends that for the Texas offense of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated assault to qualify as a crime of violence under § 2L1.2, that offense must match the generic definition, without reference to judicial records. Vasquez-Segoviano cites to the definition of a crime of violence at 18 U.S.C. § 16(b), which, he contends, includes physical force as an element, and that physical force implies the active employment of force. Citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), he argues that the crime of violence definition in § 16(b) is unconstitutional and precludes the 16-level increase in his case.

Vasquez-Segoviano did not object to the sentence enhancement in the district court, so our review is for plain error. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016). In *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007), we held that a conviction for aggravated assault in violation of Texas Penal Code § 22.02 qualifies as the enumerated offense of aggravated assault and thus is a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). *Guillen-Alvarez* remains valid after *Mathis v. United States*, 136 S. Ct. 2243 (2016). *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017); *United States v. Villasenor-Ortiz*, ___ F. App'x ___, No. 16-10366, 2017 WL 113917 (5th Cir. Jan. 11, 2017), *petition for cert. filed* (May 31, 2017) (No. 16-9422). We are bound by our own precedent unless it should be altered by the Supreme Court. *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

Vasquez-Segoviano's reliance on *Johnson* is also unavailing as *Johnson* did not involve crime-of-violence enhancements under § 2L1.2. *See United States v. Perez-Belmares*, 670 F. App'x 330, 331 & n.3 (5th Cir. 2016); *see also United States v. Gonzalez-Longoria*, 831 F.3d 670, 675-77 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). He thus has not met his burden of showing plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.