# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

STEVEN PAUL BANKS,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:15-CR-80-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Steven Banks was sentenced to 120 months' imprisonment and four

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30892

years' supervised release ("SR") for conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846.  He appeals his conviction and sentence, maintaining that the court erred when it (1) determined that he was a career offender under U.S. Sentencing Guidelines § 4B1.1 and (2) imposed, as a special condition of SR, that he participate in a substance-abuse program as directed by the probation officer.

First, Banks contends that the district court erred in applying the § 4B1.1 career enhancement because it failed to make an independent evaluation of his eligibility for the enhancement.  Banks's theory is that the court impermissibly delegated legal determinations to the federal probation officer.  Because Banks did not raise this argument in the district court, review is only for plain error.  *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016).

Because there was no objection, the court was not required to issue a ruling on the enhancement.  *See* FED. R. CRIM. P. 32(i)(3)(B).  In addition, because he has not challenged that determination on appeal, Banks has waived any argument that his convictions under Louisiana Revised Statutes § 40:966(A) and § 40:967(A) and (F) are not controlled-substance offenses for purposes of § 4B1.1.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.2 (5th Cir. 2008).  Banks is correct that a district court may not rely solely on a presentence report's characterization of a prior offense as a controlled-substance offense for the purpose of the career-offender guideline.  *See United States v. Jenkins*, 487 F.3d 279, 281 (5th Cir. 2007).  But even if the district court plainly erred in doing so, Banks has not shown that the error affected his substantial rights, because he has failed to offer any argument that the career offender enhancement was ultimately wrong.  "As [he] has failed to make the argument, we need not determine whether the statutes at issue define

[controlled substance offenses].” *United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006).

With respect to Banks’s second issue, the district court ordered that, “[s]hould the probation office deem it necessary, [Banks is] to participate in a substance abuse program as directed by the probation office.”  The written judgment contains nearly identical language.  Banks posits that the wording of this special condition of SR impermissibly delegated to the probation officer the court’s responsibility to determine whether Banks must participate in treatment.  Because Banks did not raise this argument in the district court, review is for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The imposition of conditions of SR “is a core judicial function that may not be delegated.” *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citation omitted).  Banks has shown clear or obvious error, because the special condition delegated authority to the proba-tion officer not only to implement treatment but to decide whether it was nec-essary. *See Puckett*, 556 U.S. at 135; *Franklin*, 838 F.3d at 568.  For purposes of this appeal, we assume *arguendo* that the error affected Banks’s substantial rights, though the government argues persuasively that “it is difficult to imag-ine that the district court, acting directly, would not impose a condition of [SR] requiring substance abuse treatment [, so] Banks cannot show a probability that the district court’s alleged error ultimately affects his sentence.”

That leaves us to consider only whether the error “seriously affects the fairness, integrity or public reputation of judicial proceedings.” *Puckett*, 556 U.S. at 135; *Franklin*, 838 F.3d at 568.  Granting relief under this fourth prong of the plain-error analysis is not automatic.  “[E]ven if an increase in a sentence be seen as inevitably ‘substantial’ in one sense it does not inevitably

affect the fairness, integrity, or public reputation of judicial process and pro-ceedings." *United States v. Ellis*, 564 F.3d 370, 378−79 (5th Cir. 2009) (Higginbotham, J.).

There is nothing unfair about this result. It falls far short of affecting—much less "seriously affecting" (as the Supreme Court in *Puckett* required)—the integrity of the process for Banks to receive substance-abuse treatment, given the nature of the offense. "To conclude that not correcting the error claimed here casts doubt upon the fairness, integrity, or reputation of the proceeding drains all content from the doctrine of plain error." *Id.* at 379. Even assuming the other three prongs are satisfied, we decline to exercise our discretion to correct this unpreserved error.

The judgment of conviction and sentence is AFFIRMED.