# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40410
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Benito Zuniga,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-999-1

———————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Benito Zuniga pleaded guilty and was convicted for making a false statement regarding firearm records, in violation of 18 U.S.C. § 924(a)(1)(A). He now appeals his sentence on two grounds. First, he argues that the district court committed reversible plain error by applying a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B). Second, he argues that, through either

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

clerical error or plain error, the district court improperly assessed a four-level sentence enhancement pursuant to § 2K2.1(b)(6)(A). Plain error review applies to these unpreserved arguments. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016).

The Government agrees with Zuniga's first argument and moves, unopposed, to vacate Zuniga's sentence and remand for resentencing. We agree and will grant the motion.

As the Government concedes, it was clear and obvious error to assess a base offense level of 20 under § 2K2.1(a)(4)(B) given the absence of any evidence—let alone a preponderance—establishing that the firearm involved in Zuniga's offense was capable of accepting a large capacity magazine. *See United States v. Luna-Gonzalez*, 34 F.4th 479, 480-81 (5th Cir. 2022). Because "the record is silent as to what the district court might have done had it considered the correct Guidelines range," we conclude that the error affected Zuniga's substantial rights. *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016); *see United States v. Blanco*, 27 F.4th 375, 381–82 n.2 (5th Cir. 2022). Last, the Supreme Court has held that "[i]n the ordinary case . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 145 (2018). Because there is nothing to suggest that this is not the ordinary case, we will exercise our discretion to correct the error. *See id.*; s*ee also United States v. Romero*, No. 21-50485, 2022 WL 3584873, *2 (5th Cir. Aug. 22, 2022) (unpublished) (vacating and remanding a sentence on plain error review because the government introduced zero evidence supporting a § 2K2.1(a)(4)(B) enhancement).

No. 24-40410

Because we vacate Zuniga's entire sentence, we do not reach his second argument. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Accordingly, we GRANT the Government's motion, VACATE Zuniga's sentence, and REMAND to the district court for resentencing consistent with this opinion. We DENY as moot the Government's alternative motion for an extension to file its brief.