# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2025

Lyle W. Cayce
Clerk

————————

No. 24-10800

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER ARMANDO TOVAR-GONZALEZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-76-1

———————————————————————

Before HAYNES, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Javier Armando Tovar-Gonzalez was convicted of one count of illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). He received a within-Guidelines sentence of 46 months in prison and a three-year term of supervised release. His criminal history includes, among other things, a 2016 conviction for illegal reentry under § 1326(a) and (b)(2) (case number 5:15-CR-01363-001) and 2009 conviction for conspiracy to possess with an intent

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10800

to distribute more than 50 kilograms of marijuana (case number DR-09-CR-1105(4)-AML). Tovar-Gonzalez now appeals the instant judgment, and the Government moves for summary affirmance or, in the alternative, an extension of time in which to file a brief.

Tovar-Gonzalez first argues that the district court's treatment of his prior conviction as a mere factor warranting a sentencing enhancement under § 1326(b)(2), rather than as an element of the offense, was unconstitutional and therefore the district court erred by imposing a sentence above the two-year statutory maximum in § 1326(a). That issue is, as he concedes, foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019).

Next, he asks us to strike the judgment's reference to § 1326(b)(2) because his prior removals, even if *subsequent to* an aggravated felony conviction, were *based on* his original removal order and not an aggravated felony conviction.[1] *Compare* 8 U.S.C. § 1326(b)(2) (imposing a 20-year maximum term of imprisonment for an illegal reentry *subsequent to* a conviction for an aggravated felony), *with* 8 U.S.C. § 1101(a)(43)(O) (including in the definition of aggravated felony an illegal reentry under § 1326 "committed by an alien who was previously deported *on the basis of* a conviction for" another aggravated felony (emphasis added)).

Tovar-Gonzalez did not object on this basis below, so he must overcome plain-error review. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016). Under plain-error review, (1) there must be an error or defect; (2) it must be clear or obvious; and (3) it must have affected his substantial rights. *Id.* If he satisfies all three of those requirements, we have

---

[1] He does not contest the sentence itself and acknowledges that it would be lawful under either § 1326(b)(1) or (b)(2).

the discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation modified). Tovar-Gonzalez cites no case in which a court has adopted the argument he makes here, nor have we independently located one. The alleged error is therefore not clear or obvious and fails under the second plain error requirement.[2]

Accordingly, we AFFIRM the district court's judgment, DENY the government's motion for summary affirmance because summary affirmance is not appropriate in this case, *see United States v. Esquivel*, 639 F. App'x 274, 275 (5th Cir. 2016) (per curiam), and DENY AS MOOT the government's alternative motion for an extension of time to file its brief, *see id.* at 276.

---

[2] Alternatively, he asserts that his drug-trafficking conviction is no longer an aggravated felony that can support a prior conviction under § 1326(b)(2) because of changes to the Controlled Substances Act's definition of marijuana. That argument is foreclosed by our caselaw. *See United States v. Huerta-Rodriguez*, 64 F.4th 270, 278 (5th Cir. 2023) ("When a defendant has a prior illegal-reentry conviction under § 1326(b)(2) that came *before* any intervening change in law calling into question the aggravated-felony status of the predicate offense, a district court does not err in sentencing the defendant under § 1326(b)(2).").